MEMORANDUM OPINION

No. 04-06-00518-CV

REGENT CARE CENTER OF LAREDO, LIMITED PARTNERSHIP 

d/b/a Regent Care Center of Laredo and Pamela Humphrey,

Appellants

v.

Maria D. ABREGO, et al.,

Appellees

From the 49th Judicial District Court, Webb County, Texas

Trial Court No. 2005-CVQ-001818-D1

Honorable Ricardo H. Garcia, Judge Presiding




Opinion by: Alma L. López, Chief Justice

Concurring opinion by: Phylis J. Speedlin, Justice



Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Phylis J. Speedlin, Justice



Delivered and Filed: December 13, 2006



AFFIRMED

 This is an accelerated appeal of the trial court's order denying a motion to dismiss filed by Regent Care Center of Laredo,
Limited Partnership d/b/a Regent Care Center Laredo and Pamela Humphrey (collectively referred to as "Regent Care"). 
Regent Care contends the trial court erred in denying the motion to dismiss because the appellees failed to timely serve their
expert report pursuant to section 74.351 of the Texas Civil Practice and Remedies Code. We affirm the trial court's order.

 The appellees filed their petition asserting a health care liability claim against Regent Care on December 19, 2005. 
Pursuant to section 74.351(a) of the Code, the appellees were required to serve their expert report on Regent Care by April
18, 2006. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2006). On April 18, 2006, the appellees served
Regent Care with their thirty-six page First Supplemental Response to Defendants' Requests for Disclosure listing their
testifying experts. Twenty-seven of the thirty-six pages are the experts' reports and curriculum vitaes for those experts that
were attached to the response.

 Regent Care filed a motion to dismiss asserting that the expert reports did not satisfy the requirements of section 74.351
because they were served as attachments to a response to a discovery request and not under a separate letter identifying
them as expert reports being served pursuant to section 74.351. Under the circumstances presented in this case, we hold
that the trial court did not abuse its discretion in denying the motion to dismiss. See Carreras v. Marroquin, No.
13-05-082-CV, 2005 WL 2461744 (Tex. App.--Corpus Christi Oct. 6, 2005, no pet. h.). The purpose of serving documents
is to give the other party a copy of the documents. See generally Michael O'Connor and Bryon P. Davis, O'Connor's Texas
Rules Civil Trials 23 (2006). In serving the response to the discovery request, the appellees also served Regent Care with
the expert reports.

 The trial court's order is affirmed.

 Alma L. López, Chief Justice